**UNITED STATES ex rel. DURNFORD v. FALL, Secretary of the Interior.**

(Court of Appeals of District of Columbia. Submitted October 3, 1922. Decided November 6, 1922.)

No. 3792.

1. Mines and minerals ⬤═36—Oil entries held occupancy of land preventing entry as coal lands.

A location of public lands under the placer mining laws as oil claims and the occupancy thereof by an oil-drilling rig prevent the entry of the land as coal lands, under Rev. St. § 2347 (Comp. St. § 4659), giving the right to enter vacant coal lands not otherwise appropriated or reserved, regardless of whether the oil entries were valid or void.

2. Mines and minerals ⬤═40—Grant of hearing on amended protest against coal entry is within discretion of Secretary of the Interior.

After the Commissioner of the General Land Office had dismissed a protest against a coal entry and directed the issue of a final certificate, it was within the discretion of the Secretary of the Interior to grant, within one month thereafter, a hearing on an amended protest, and that action is not open to review in mandamus proceedings by the coal entryman.

3. Mandamus ⬤═172—In proceeding against Secretary of the Interior, imputations against conduct of entrymen not parties cannot be considered.

In mandamus proceedings against the Secretary of the Interior to compel the vacation of an order canceling coal entries, imputations against the conduct of one who had made oil entries covering the same land, and who was not a party to the mandamus proceedings, cannot be considered.

Appeal from the Supreme Court of the District of Columbia.

Petition for mandamus by the United States, on the relation of Nelida A. Durnford, against Albert B. Fall, Secretary of the Interior. From a judgment denying the writ, and dismissing the petition after demurrer to the answer was overruled, petitioner appeals. Affirmed.

Samuel Herrick, of Washington, D. C., for appellant.

C. E. Wright and E. S. Booth, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, relator, petitioned the court below for a writ of mandamus to compel respondent to rescind and vacate an order for the cancellation of a coal entry. A demurrer was interposed to respondent's answer which was overruled, and relator, relying upon her demurrer, appeals from the judgment denying the writ and dismissing the petition.

In 1914 George Durnford, appellant's husband, made a coal entry upon the land in controversy. This application was rejected, subject to his right of appeal on April 25, 1916. Within 10 days thereafter Charles Lackey, George Durnford, and Neal Durnford, appellant's stepson, moved an oil-drilling rig onto the land, commenced drilling for oil, and Lackey and seven others, including the Durnfords, made formal location of the land under the placer mining laws of the United States by posting the location notice required by law.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On May 6, 1916, Lackey claimed a discovery of oil and on the following day the Durnfords, together with appellant, made location of five oil placer mining claims on land immediately adjacent to the land here in controversy. Two days later the seven other locaters conveyed to Lackey, and on the same day he and George Durnford entered into an agreement for the further prosecution of the work. Under this contract, Durnford was to receive one-tenth of the net value of the oil discovered.

May 11, 1916, a copy of the location notices was filed in the office of the county recorder, and on the following day George Durnford relinquished his coal entry in the local land office. On the same day appellant filed her coal entry for the land, and on July 5th following deposited with the receiver of the land office $800, the appraised price of the land. Prior to this, however, on June 24th, Lackey had filed a protest against her application.

A mineral inspector reported, after investigation, that there had not been a discovery of oil, and that the land was more valuable for coal. Accordingly on July 24, 1918, the Commissioner of the General Land Office, acting on this report, dismissed the protest and directed the issue of a certificate on appellant's application. This order was made, however, within the period allowed Lackey to appeal to the Secretary. An appeal in fact had been taken, but on August 6, 1918, Lackey filed a supplementary protest, on which the Commissioner ordered a hearing, and thus rendered unnecessary the consideration of the appeal. As a result of this hearing the Secretary alleges in his answer:

"That on the evidence introduced at the hearing in the cause before him he found as facts that from and after May 1, 1916, the land was in the possession and occupancy of Lackey, his associates, and successors in interest under a placer mining location made prior to relator's application and that they had prosecuted work thereon to discovery of oil."

[1] It will be observed that the sole ground for cancellation of relator's entry, as stated by the Secretary, was that the land, at the time the entry was made, was not vacant public land of the United States. This is where we think the case turns. Section 2347, R. S. (Comp. St. § 4659), among other things, provides:

"Every person above the age of twenty-one years, who is a citizen of the United States, * * * shall, upon application to the register of the proper land office, have the right to enter, by legal subdivisions, any quantity of vacant coal lands of the United States not otherwise appropriated or reserved by competent authority."

In Payne v. Olson, 269 Fed. 198, 201, 50 App. D. C. 119, 122, this court, considering a situation very similar to the one here presented, said:

"Was this land vacant at the time the relator entered it? We have seen that the coal company had its structures on it under a claim of right. What is meant by vacant lands is construed in Cosmos Exploration Co. v. Grey Eagle Oil Co., 112 Fed. 4, 13, 50 C. C. A. 79, 89 (61 L. R. A. 230), where it is ruled that 'vacant lands are such as are absolutely free, unclaimed, and unoccupied.' While we do not decide the land was vacant within the meaning of the statute, because it is not our province to do so in this proceeding, we are firmly of the opinion that a decision by the Secretary that it was not would be

entirely within his discretion and not subject to our control. If not vacant, then the relator had no right to enter it."

In the present case, however, we are of the opinion that the oil entries, whether valid or void, amounted to sufficient occupancy of the land within the statute to exclude it from entry as coal land. The land being occupied we are not concerned in this proceeding with the validity of the oil entries or the legality of the assignments which were made. It is unnecessary to inquire into the motives of the oil entrymen since at the time relator's entry was made, drilling apparatus had been moved onto the land and was in operation, resulting in the discovery of oil. Indeed, the oil entries have never been adjudicated invalid and may yet be upheld by the department.

[2, 3] The action of the Secretary is in no way affected by the order of the Commissioner of the General Land Office, based upon the inspector's report, dismissing the Lackey protest, and directing the issue of a final certificate, since, within one month thereafter, an amended protest was filed, which was heard and resulted in the action here complained of. The granting of the hearing on the amended protest was within the discretion of the Secretary, and is not open to review in this proceeding. Nor are imputations against the conduct of Lackey to be considered, since he has not been made a party to this action.

The judgment is affirmed, with costs.